FAULKS vs. DIMOCK and others.

A mortgagor has the right to purchase a mortgage given by himself and wife on property belonging to her, and it is a valid security in his hands. It is no ground for declaring such mortgage satisfied in the hands of an assignee, that the consideration of the assignment was paid by the mortgagor, and that it was held by the assignee to the mortgagor's use.

On order to show cause and depositions taken thereunder.

*Mr. A. Dutcher*, for defendant Butterfield.

*Mr. W. J. Magie*, for Henry H. Howland.

THE CHANCELLOR.

The design of this proceeding is to obtain a decree adjudging that the complainant's mortgage is satisfied. The final decree in this suit, which was for the foreclosure and sale of mortgaged premises in the city of Elizabeth, was entered on the 1st of August, 1871, in favor of the complainant, whose mortgage was the first lien on the property, for $8483.77, besides interest and costs, and of the defendant, Frederick Butterfield, the owner of the second mortgage, for $21,843.33, with interest and costs. On the 27th of September, 1871, the complainant, for the consideration of $8774.39, assigned his mortgage, and the decree thereon, and the benefit of all proceedings thereunder, to A. Vaughn Dimock, who, on the 6th of November following, for the consideration of $8000, assigned the mortgage to Rebecca A. Howland, executrix of William W. Howland, deceased, and she assigned it on the 15th of March, 1873, to her son, Henry H. Howland, (by whom it is now held,) for part of his share of the estate of his father, the testator, William W. Howland. The mortgage was given by Helen W. Dimock, and her husband, Anthony W. Dimock. The former was the owner of the mortgaged

premises. It appears that Anthony W. Dimock paid the consideration of the assignment to A. Vaughn Dimock, by his own check, and that he attended to procuring the assignment. Whether he received the money from A. Vaughn Dimock, (who is dead,) does not appear. He was not examined as a witness under the order to show cause. A. Vaughn Dimock appears to have received the consideration of the assignment to Mrs. Howland. Her check for the money was made payable to the order of her son, Joseph T. Howland, who attended to the business for her, and it was by him endorsed to A. Vaughn Dimock, by whom it appears to have been endorsed to the firm of Dimock, Myers & Co., of which he was a member. Anthony W. Dimock was not a member of that firm. Mr. Joseph T. Howland testifies, that he is under the impression that he delivered the check to a clerk of the firm of Dimock, Myers & Co. The evidence does not show that A. Vaughn Dimock was not, in fact, as from the assignment he was presumptively, the actual *bona fide* assignee of the mortgage for his own benefit. But, if it were conceded that Anthony W. Dimock paid the consideration of that assignment, and that it was held by A. Vaughn Dimock to the use of Anthony W. Dimock, that fact would be no ground for declaring the mortgage satisfied. The mortgage was, as before stated, given by Mrs. Dimock and her husband to the complainant, on property belonging to her. Her husband could have purchased and held that mortgage, and it would have been a valid security in his hands. *Stillman's Ex'rs* v. *Stillman*, 6 *C. E. Green* 126.

The order to show cause will be discharged, with costs.